UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRITTANY GRONEFELD, <br> 7568 Mayfair <br> Taylor, MI 48180 <br><br> Plaintiff, <br><br> v. <br><br> FROM THE HEART HOME HEALTH CARE, LLC, <br> c/o Marina Kourieh <br> 21728 Sandra Theresa Drive <br> Macomb, MI 48044-6410 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury Demand Endorsed Herein) |

Plaintiff, Brittany Gronefeld, by and through counsel, for her Complaint against Defendant From the Heart Home Health Care, LLC, states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this case due to Defendant's failure to pay her overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek and for all hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all relevant times, Plaintiff was a United States citizen and a Wayne County, Michigan resident.

5. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all relevant times, Defendant maintained its principal place of business in Macomb County, Michigan.

7. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

11. Defendant operates a home healthcare service agency.

12. Defendant employed Plaintiff as a home health aide from approximately January 2022 through May 2023.

13. While employed by Defendant, Plaintiff was responsible for traveling to patients' homes, traveling to patients' medical appointments, and providing home care and health care assistance to patients.

14. Defendant employed Plaintiff and other similarly-situated employees as non-exempt employees under the FLSA.

15. Defendant paid Plaintiff an hourly wage.

**(Failure to Pay Overtime Compensation)**

16. Plaintiff regularly worked over 40 hours per week.

17. Plaintiff worked, on average, approximately 45 to 50 hours per workweek.

18. Rather than paying overtime compensation, Defendant paid Plaintiff and other similarly-situated employees straight time for the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

19. Defendant failed to make, keep, and preserve records of the unpaid work that Plaintiff performed.

**(Defendant Willfully Violated the FLSA)**

20. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE

**(Fair Labor Standards Act Violations)**

21. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. Defendant's practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

23. Defendant's failure to keep accurate records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 C.F.R. § 516.2(a)(7).

24. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

25. As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received overtime due to her pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation and minimum wages;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime wages found due to Plaintiff;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Robert B. Kapitan*
Robert B. Kapitan (Ohio 0074327)
Anthony J. Lazzaro (Ohio 0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022-1059
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Plaintiff's Attorneys

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Robert B. Kapitan
One of Plaintiff's Attorneys